UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CORNELL SIMON § | |
| § | |
| Petitioner § | |
| VS. § | CIVIL ACTION NO. 2:22-CV-00137 |
| § | |
| UNITED STATES OF AMERICA § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Cornell Simon is in the custody of the U.S. Bureau of Prisons at FCI Three Rivers in Three Rivers, Texas. He filed this *pro se* petition for writ of habeas corpus seeking to have his sentence vacated. His petition was filed pursuant to 28 U.S.C. § 2241. For the reasons stated, it is respectfully recommended that Petitioner's cause of action be **DISMISSED** because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255 in the Southern District of Texas, Galveston Division. Also pending is Petitioner's Motion to Proceed *In Forma Pauperis*. (D.E. 8). This Motion is **DENIED as moot** as Petitioner has paid the filing fee.

**I.     JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 2241. *Lee v. Wetzel*, 244 F.3d 370, 373 n. 3 (5th Cir. 2001); 28 U.S.C. § 124(b)(6).

**II.    BACKGROUND**

On March 5, 2018, Petitioner was sentenced to 199 months incarceration followed by five years of supervised release after pleading guilty to aiding and abetting a bank

robbery and aiding and abetting, using and brandishing a firearm during and in relation to a crime of violence. (D.E. 197).[1] Petitioner's sentence was upheld by the United States Court of Appeals for the Fifth Circuit. (D.E. 230).

On September 24, 2018, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 which was denied on July 7, 2021. (D.E. 224 and D.E. 289). Petitioner also filed several motions to modify his sentence, to vacate the mandatory minimum portion of his sentence and to recalculate his sentence[2] and all were denied. (D.E. 292 and D.E. 300).

## III. PETITIONER'S CLAIMS

Petitioner filed this petition on a § 2241 form, asserting he is challenging the validity of his conviction or sentence as imposed. (D.E. 1, Pages 2 and 3). Petitioner also pleads that he has not filed a motion in the Fifth Circuit seeking permission to file a second or successive § 2255 motion to challenge this conviction or sentence. (D.E. 1, Page 4). Petitioner argues that remedy under 28 U.S.C § 2255 is inadequate or ineffective to challenge his conviction or sentence because he "is denied on the grounds of my plea

---

[1] Docket entry references to historical events in the original criminal proceedings in this background section are to the criminal proceeding in the Galveston Division. *United States v. Cornell Simon*, No. 3:15-cr-24 (S.D.Tex. filed Nov. 5, 2015).

[2] Petitioner argued, as he does in his pending § 2241 petition, that his sentencing guidelines were improperly calculated because it included a 4-level abduction enhancement. (D.E. 292, Page 2). Petitioner's argument was rejected because he pleaded guilty to these offenses as part of a negotiated plea agreement with the Government, he waived his right to appeal or collaterally attack his judgment and sentence and the Fifth Circuit had upheld the validity of this waiver on direct appeal. (D.E. 292, Page 2). Petitioner made the same argument on direct appeal and his sentence was upheld by the Fifth Circuit. (D.E. 230 and D.E. 289, Page 4).

agreement, which was ineffective assistance of counsel." (D.E. 1, Page 4). As grounds for relief, Petitioner asserts his sentence was improperly enhanced and he received ineffective assistance of counsel because his counsel did not object to the sentencing enhancement. (D.E. 1, Page 6). He requests this Court remand his case to the sentencing court for correction of his sentence. (D.E. 1, Page 7).

## IV. PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458, 458 (5th Cir. 2013); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (Claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id.* A § 2255 motion must be filed in the sentencing court. *Id.*; *Eckles v. Chandler*, 574 F. App'x. 446, 446 (5th Cir. 2014). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Petitioner's pending habeas claims are challenging the validity of his federal

sentence. Because Petitioner's complaints relate to the merits of his conviction and sentence, not to the interpretation or carrying out of his sentence by the Bureau of Prisons, Petitioner must challenge his sentence in the sentencing court through a § 2255 action, unless he qualifies for relief pursuant to § 2255's savings clause. 28 U.S.C. § 2255. Petitioner may bring his claim pursuant to § 2241 by showing that § 2255 is inadequate or ineffective to test the legality of his conviction. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000). The savings clause provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The savings clause of § 2255(e) applies to a claim that is based upon 1) a retroactively applicable Supreme Court decision that establishes that 2) Petitioner may have been convicted of a nonexistent offense and 3) that the complaint was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal or by his first § 2255 motion. Under that set of circumstances, it can be fairly said that the remedy by a successive § 2255 motion is inadequate. *Reyes-Requena*, 243 F.3d at 904.

Petitioner claims he cannot obtain relief by filing a § 2255 motion because he has already filed an unsuccessful § 2255 motion. (D.E. 1, Page 4). However, "a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive'

requirement, does *not* make § 2255 inadequate or ineffective." *Dobre*, 211 F.3d at 878 (emphasis in original and citations omitted); *Cabello v. United States*, No. 21-51066, 2022 WL 2713229, at *1 (5th Cir. July 13, 2022) ("The mere fact that [Petitioner's] prior § 2255 motion was unsuccessful does not suffice.")

Petitioner has not established that he can meet the requirements of the savings clause to file a § 2241 petition. Instead, it is clear Petitioner "is simply attempting to circumvent the limitations on filing successive § 2255 motions." *Id.* Accordingly, it is recommended that Petitioner's habeas action be **DISMISSED** because this Court does not have jurisdiction to consider his § 2255 claim and also because he has not shown § 2255 is inadequate or ineffective to address his claims, which would allow him to bring the claim under § 2241.

## V. RECOMMENDATION

For the reasons stated, it is respectfully recommended that Petitioner's 28 U.S.C. § 2241 cause of action be **DISMISSED**. It is further recommended that Petitioner's cause of action not be characterized as motion to vacate or set aside his sentence brought pursuant to 28 U.S.C. § 2255 because Petitioner has previously filed a § 2255 motion in the correct jurisdiction.

ORDERED on September 15, 2022.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).